ALBERT JONES v. STATE OF NEBRASKA.

FILED OCTOBER 9, 1909. No. 16,139.

Questions of fact are for the jury, and a verdict or finding by them on a question of fact, where the testimony is conflicting, will not be reviewed.

ERROR to the district court for Wayne county: ANSON A. WELCH, JUDGE. Affirmed.

F. A. Berry, for plaintiff in error.

William T. Thompson, Attorney General, and George W. Ayres, contra.

LETTON, J.

Plaintiff in error was convicted of operating an automobile in the city of Wayne at a rate of speed in excess of the statutory limit. His principal contentions in this court are that the verdict is not sustained by sufficient evidence, that the court erred in refusing to strike out the testimony of certain witnesses, and that the verdict of the jury was the result of prejudice.

The evidence for the prosecution is not very satisfactory to the mind of the writer of this opinion, but it was sufficient to satisfy the jury that the statute had been violated, and, if there is sufficient evidence to sustain the verdict, it must stand, whatever the opinion of this court might be upon the same testimony if it were its duty to pass upon the facts. The testimony of the complaining witness, Brown, was direct and specific that the rate of speed was 15 miles an hour or more, and he qualified himself as being competent to express his opinion upon this point. The evidence as to the rapid running of the automobile is corroborated to some extent by other witnesses.

It is said there is no testimony that the *locus in quo* was within "the close built up portion" of the city of Wayne. Mr. Brown testified, however, that the place where he saw the defendant was in the city of Wayne, and gave other testimony showing that at and near the locality the street was closely built up with buildings used for business and residence purposes. This testimony is uncontradicted.

The testimony on the part of the defense was that the rate of speed was within the statutory limit of 10 miles an hour. The evidence would sustain a verdict either of conviction or acquittal, depending entirely upon which set of witnesses the jury found most worthy of credit.

It is said that the court erred in refusing to strike out the evidence of certain witnesses. This evidence, in substance, was that at the time and place charged the auto-

mobile was going at a rapid rate of speed, though the witnesses were unable to estimate the number of miles an hour. It was no error to refuse to strike this testimony, since it was of some slight probative value.

It is argued that the verdict is the result of the prejudice of the jury against the use of automobiles. It is not impossible that the verdict is unjust and the result of prejudice, but we cannot so declare when there is sufficient evidence to support it and no extraneous facts shown which cast any reflection upon the good faith or impartiality of the jury.

The judgment of the district court is right, and must be

AFFIRMED.